1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

PSM HOLDINGS, LLC, and PSM
WORLDWIDE, LLC,

Plaintiffs,

vs.

TINY TOWN LLC, SURAPHA
NELSON, and LUCAS NELSON,

Defendants.

Case No.  3:24-cv-5579

**COMPLAINT**

**JURY TRIAL DEMANDED**

14

15

16

17

COMES NOW the Plaintiffs, PSM HOLDINGS, LLC ("**PSM**") and PSM WORLDWIDE,

LLC ("**PSM Franchisor**"), by and through the undersigned counsel, and for their cause of action

against TINY TOWN LLC, SURAPHA NELSON, and LUCAS NELSON (collectively,

"**Defendants**"), allege as follows:

18

**PRELIMINARY STATEMENT**

19

20

21

22

23

PSM is the owner of intellectual property that is used by PSM Franchisor, PSM's and PSM

Franchisor's affiliates, and PSM Franchisor's franchisees to operate a chain of educational play

facilities under the name "Play Street Museum." Play Street Museum locations are upscale and

educationally focused children's play facilities, targeted primarily to children ages one through

eight, to provide entertainment in a stimulating learning environment of creative and dramatic play

24

25

COMPLAINT - 1

26

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

("**PSM Locations**"). PSM, PSM Franchisor, and their affiliates have invested substantial time, creative effort, and resources to develop the unique Play Street Museum business model, the distinctive "look and feel" of the play facilities, the service marks and trade dress used in operating those facilities, and various copyrighted works. PSM is actively expanding, with several PSM Locations in the Vancouver, Washington area.

Beginning in May 2024, after many "scouting" visits to PSM Locations and discussions with PSM Franchisor about possibly entering into a franchise relationship to open a PSM Location, Defendants began operation of an educational play facility in Vancouver, Washington under the extremely similar name, "Chicky Play Museum." Defendants' "Chicky Play Museum" business also features operational and design elements that are quite close, and in some cases identical, to those of a PSM Location and PSM's and PSM Franchisor's operating methods. Defendants' business incorporates almost every element of PSM's unique and distinctive trade dress in combination with the same educational activities, exhibits, and toys and other methods of operating that are part of the proprietary operating methods developed by PSM and PSM Franchisor. PSM and PSM Franchisor seek to enjoin Defendants' infringement and misappropriation of PSM's intellectual property and PSM's and PSM Franchisor's proprietary operating methods and to recover damages, including attorneys' fees and costs, arising out of Defendants' conduct.

COMPLAINT - 2

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

**THE PARTIES**

1.       PSM is a limited liability company formed under the laws of the State of Texas with its principal place of business in Plano, Texas.

2.       PSM Franchisor is a limited liability company formed under the laws of the State of Texas with its principal place of business in Plano, Texas.

3.       Defendant Tiny Town LLC is a limited liability company formed under the laws of the State of Washington with its principal place of business in Vancouver, Washington.

4.       Upon information and belief, Defendant Surapha Nelson resides in Battle Ground, Washington and is an owner of Tiny Town LLC.

5.       Upon information and belief, Defendant Lucas Nelson resides in Battle Ground, Washington and is an owner of Tiny Town LLC.

**JURISDICTION AND VENUE**

6.       This Court has jurisdiction pursuant to 15 U.S.C. §§ 1114, 1116(a), 1117, 1121, and 1125(a), and 28 U.S.C. §§ 1331, 1338, and 1367(a).

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all the defendants reside in this District and because substantial part of the events giving rise to PSM's and PSM Franchisor's claims have occurred and are occurring in this District.

**THE PLAY STREET MUSEUM SYSTEM AND INTELLECTUAL PROPERTY**

8.       In 2014, the founder of PSM, a former preschool teacher with a business degree and four young children, opened the first PSM Location in Frisco, Texas. That first location was founded with the goal of seeing young children develop, learn, and grow in a space unlike any in the child-focused indoor facility environment.

COMPLAINT - 3

9.      Given her unique experience as an educator, her training in business, and her perspective as a parent, PSM's founder was ideally positioned to see the need for a concept like Play Street Museum.  Specifically, the then-market of large children's museums and indoor play facilities, with their overwhelming size, often-chaotic environment attendant with a format attempting to cater to ages from infant to teen, and theme parks or video arcades, made it challenging for kids to focus.  Similarly, in the child-focused indoor, smaller facility environment, the standard visual approach was to use bright, primary colors and a "rough-and-tumble" design.

10.      Since its inception in 2014, PSM has designed PSM Locations in a unique fashion that has distinguished and separated its services from other competitors and their offerings in the marketplace.  This unique look and feel was dramatically different from any other child-focused indoor play facility or children's museum existing prior to PSM's establishment, and consumers have recognized PSM's design as distinct from others operating similar concepts. PSM's deliberate efforts and purposeful choice to differentiate and distinguish itself, its locations, and its services allowed PSM, from the outset, to create a recognizable association between PSM's unique look and feel and its excellent operating practices, services, and products.  In creating this association over many years, PSM has garnered a highly desirable reputation with consumers, as well as with prospective future franchisees, as superior to other competitors in the market.

11.      PSM's "look and feel", or trade dress (the "**PSM Trade Dress**"), is based on minimalist elements, specifically a unique combination of features and configuration of features, including but not limited to the following:

     a.   a background of white walls, cabinetry, shelving, countertops, trim, and décor;
     b.   windows along the front wall;
     c.   an entryway with white shelving perpendicular to a white service counter;

COMPLAINT - 4

d.  a black, slatted gate between the entryway shelving and service counter that swings open for entry to the play area;

e.  retail items on display in the entryway on white shelving;

f.  vinyl wood flooring;

g.  prominent checkerboard rugs/carpeting in two shades of green in the middle of the space;

h.  blue carpet flooring surrounding the play boat installation;

i.  white tables and benches;

j.  a custom, white buffet with built-in shelving, cabinets, and display board;

k.  play buildings and structures that mimic real-life constructions;

l.  play vehicles and educational activities; and

m.  prominent checkerboard rugs/carpeting in two shades of blue in the block area.

12.     Traditionally, children's indoor play facilities were carpeted or with rubber-cushion flooring and decorated in a spectrum of vibrant colors, not white. PSM's distinctive aesthetic captured in the PSM Trade Dress is therefore a unique and differentiating aspect of its brand identity. When PSM entered the marketplace, there were a handful of concepts in the United States that might have been considered even partially comparable to the business model of PSM. The only specific similarity between those existing businesses and PSM – that they incorporated some form of play building structures into their design – had nothing to do with the look and feel that PSM created with the PSM Trade Dress. None of those concepts had the distinctive design, look, and feel of PSM. Indeed, the incorporation of the functional play building structures into the composite PSM Trade Dress is incident to the primary distinguishing elements that make up the PSM Trade Dress.

13.     After ten years of developing and operating PSM Locations in various markets across the United States, an inexorable link in consumers' minds between PSM's products and services and the PSM Trade Dress has been established. These products and services have been consistently and prominently marketed alongside images of PSM locations and the distinctive PSM Trade Dress. This comprehensive marketing approach has continually reinforced PSM's

COMPLAINT - 5

unique proposition in the marketplace and subsequent demand for the products and services of PSM, PSM Franchisor, and their affiliates and franchisees. This link between the PSM Trade Dress and the superior delivery of goods and services versus competitors has established in consumers' minds that PSM is not just a "play place." Consumers identify PSM Locations as the foremost small format children's museums not only through the delivery of its products and services but particularly by association with the PSM Trade Dress. In light of that goodwill in the PSM Trade Dress, PSM has vigorously monitored and challenged competitors that have copied the PSM Trade Dress to the extent that it creates a likelihood of confusion, at considerable cost and effort.

14.     After the initial success of the first PSM Location, PSM's affiliates opened two additional Locations in Plano, Texas and McKinney, Texas. The PSM Trade Dress established with the first Location in 2014 has been reinforced through deliberate and consistent implementation of that PSM Trade Dress over the ensuing ten years as PSM, PSM Franchisor, and their affiliates and franchisees have opened additional PSM Locations. Although many of the elements of the locations are the same, PSM has created a variety of play themes for its children's museums – "Town Square," "The Farm", "Great Outdoors", "Downtown", "Collegetown", and "On the Go", each with a slightly different focus, but which repeat the PSM Trade Dress. For the "Town Square" variant, PSM uses a pet rescue, café, doctor's office, an apartment, and a free-standing fire engine, as well as a two-story burning building. PSM's "Great Outdoors" theme includes a rowboat on a blue water rug. Both variants include the PSM Trade Dress, such as a white walls, ceilings, furniture, and millwork; vinyl, wood-look flooring; a two-tone, green checkerboard rug; an air tube structure; and a variety of standalone toy areas, like a train table and a construction area.

COMPLAINT - 6

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

15.     PSM has created proprietary designs for play structures and other buildings that are unique and exclusive to Play Street Museum aligning with each theme. In addition, PSM has sourced equipment, toys, and play pieces that go within PSM Locations and each building, all of which are part of the PSM Trade Dress.  PSM has researched and chosen specific and designated materials, equipment, toys, and play pieces, from the multitude of options available in the market, involving significant effort over many years.

16.     In short, PSM has developed a unique and creative business model -- an "edutainment" concept providing superior quality play and educational experiences to young children and their families in an upscale, thematic, and interactive environment. The success of PSM's concept has resulted in parents across the country clamoring for a Play Street Museum in their area, and PSM Franchisor now has twenty-four franchised PSM Locations open and operating across the country (in addition to the two PSM Locations operated by affiliates of PSM and PSM Franchisor).

17.     In connection with the operation and franchising of Play Street Museums, PSM owns a number of marks, described below, registered with the United States Patent and Trademark Office ("**USPTO**") and also has common law ownership rights in other service marks (collectively, the "**PSM Marks**"). The PSM Marks are valid and enforceable, and many of the federally registered PSM Marks are incontestable. PSM's affiliates and/or PSM Franchisor's franchisees currently own and operate educational PSM Locations in Texas, Colorado, Missouri, Arkansas, Georgia, New York, Maryland, and Oregon under the PSM Marks and with the PSM Trade Dress, with additional locations in development in Washington, California, Florida, Illinois, and Virginia.

COMPLAINT - 7

18.     Among the federally registered marks that PSM owns are the following:

| Mark | Reg. No. | Reg. Date | Date of First Use | International Class/Services |
|------|----------|-----------|-------------------|------------------------------|
| PLAY STREET | 6538642 | October 26, 2021 | December 31, 2014 | [35] Retail store services featuring children's toys, games, costumes, clothing, tents, books, calendars, maps, arts and crafts supplies and sets, hobby supplies and sets, chalk boards, dry erase boards, responsibility charts, and weather display boards<br><br>[41] Educational and entertainment services for children, namely, providing interactive areas, instructional classes in the field of dramatic play and social gatherings for children; party planning consultation; providing children's party centers for the purpose of entertaining, educating, and developing children, and celebrating events |
| PLAY STREET MUSEUM | 5098948 | December 13, 2016 | April 15, 2014 | [35] Retail store services featuring children's toys, games, costumes, clothing, tents, books, calendars, maps, arts and crafts supplies and sets, hobby supplies and sets, chalk boards, dry erase boards, responsibility charts, and weather display board; retail store services featuring packaged and prepared |

COMPLAINT - 8

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

| Mark | Reg. No. | Reg. Date | Date of First Use | International Class/Services |
|---|---|---|---|---|
| | | | | foods<br><br>[41] Party planning consultation; providing children's party centers for the purpose of entertaining, educating, and developing children, and celebrating events. |
| PLAY STREET MUSEUM (Stylized)<br><br>play street museum | 5180702 | April 11, 2017 | April 14, 2014 | [35] Retail store services featuring children's toys, games, costumes, clothing, tents, books, calendars, maps, arts and crafts supplies and sets, hobby supplies and sets, chalk boards, dry erase boards, responsibility charts, and weather display boards; retail store services featuring packaged and prepared foods<br><br>[41] Educational and entertainment services for children, namely, providing interactive play areas, instructional classes in the field of dramatic play and social gatherings for children; party planning consultation; providing children's party centers for the purpose of entertaining, educating, and developing children, and celebrating events. |
| PLAY STREET MUSEUM | 4869574 | December 15, 2015 | June 30, 2014 | [41] Educational and entertainment services for children, namely, |

COMPLAINT - 9

| Mark | Reg. No. | Reg. Date | Date of First Use | International Class/Services |
|---|---|---|---|---|
|  |  |  |  | providing interactive areas, instructional classes in the field of dramatic play and social gatherings for children; party planning consultation; providing children's party centers for the purpose of entertaining, educating, and developing children, and celebrating events |

19.     PSM also has applied with the USPTO to register certain elements of the PSM Trade Dress. Attached hereto as **Exhibit A** is a copy of PSM's application, Ser. No. 98012816, for its distinctive store layout trade dress. In particular, PSM claims the following as distinctive elements of the PSM Trade Dress, having been in use since at least as early as 2014:

*The color(s) white, brown, black, indigo, grey, beige and green is/are claimed as a feature of the mark. The mark consists of the distinctive design and layout of a store with a retail area that is combined with a children's educational/entertainment space. The store features an entry area at the front featuring a white entry check-in kiosk with a white countertop and white retail shelving in a horseshoe pattern. The entry area is separated from a larger exhibit area by a black, child-sized slotted gate. In the exhibit area, along the side wall at the front is a grey framed chalkboard featuring interactive components, mounted above brown shelving. Further back along the same wall, there is a white buffet with a white rectangular backboard with four white child-sized rectangular tables and white benches perpendicular to the buffet. Child-sized, individual play building exhibits are oriented around the three perimeter walls of the exhibit area. The walls, ceiling, trim, light fixtures, and exposed ductwork are all in white. The flooring is brown throughout the entire location with green carpet squares covering the center of the exhibit area and indigo, grey, and beige carpet squares located in the front area of the exhibit space. The elements that appear in dotted lines are not claimed as individual features of the mark; however the placement of the various items are considered to be part of the overall mark. The white within dotted lines represents background areas and is not part of the mark.*

20.     The PSM Trade Dress has been in continuous use since June 2014 and is currently employed in twenty-six (26) now-operating PSM Locations and will be used in thirteen (13)

COMPLAINT - 10

additional franchised PSM Locations that are under construction or in development and soon to be open and operational, whether corporate-owned or owned and operated by one of PSM Franchisor's thirty-five (35) franchise owners.

21.     PSM Locations offer public "open play", the option to reserve a play slot (PLAYTIME BY RESERVATION$^{TM}$), private parties, semi-private parties, special events, and classes as well as upscale retail space. The interior of a PSM Location is divided into specific sections – each different and providing the customer with a specific "job" or style of play. For example, a "bakery" with a mock kitchen that allows a child to pretend to cook, a "farm" with a model cow that allows a child to pretend to be a farmer, a model fire engine with firefighter coats and helmets for children to wear and pretend to be firefighters, and a doctor's examination table with play medical supplies for children to pretend to receive medical treatments, among other things. PSM and PSM Franchisor designate particular play components (such as cash registers, baby changing tables, refrigerators, ovens, sinks, highchairs, etc.) from a specified product supplier in order to create a consistent look and feel for customers and their children playing in these areas.

22.     Other elements that further define PSM's and PSM Franchisor's unique business model are themed parties and events, each centered around the white buffet/white tables and white benches area of the facility. Current party themes include: dinosaurs, mermaids, firefighters, construction, unicorns, rockets/space, circus, donut shoppes, dancing/ballet, stars, race cars, farm, superheroes, teddy bears, trains, storybooks, animals, camping, and fishing.

23.     In addition, PSM and PSM Franchisor created a block area at the front of the facility with a geometrically patterned rug, educational displays, and wooden play toys for younger

COMPLAINT - 11

children.  This area is placed at the front of the facility so is one of the first PSM Trade Dress elements that its guests see.

24.     PSM and PSM Franchisor have also exerted significant effort to structure the business offering and interaction with parents in an effective, coherent, and customer-friendly manner. This has involved crafting website content, determining what opening/closing hours and play session timings work best for a business of this type, creating operational methods and guidelines (such as cleaning and session protocols), developing pricing models and visit systems (such as multiple-visit passes), and choosing a waiver system from the multitude of alternatives available that is clear to parents and effective from a business perspective.

25.     These elements described above, combined with the PSM Marks and PSM Trade Dress, collectively comprise the unique **"PSM System."** PSM and PSM Franchisor have spent countless hours and invested significantly over the past decade creating and refining distinctive environments that families love and enjoy together. PSM's System is proprietary, and PSM and PSM Franchisor only provide the details of their system to their affiliates and their franchisees.

## DEFENDANTS' UNAUTHORIZED USE OF THE PSM SYSTEM

26.     In May 2024, Defendants opened their "Chicky Play Museum" business. Defendants' business is a children's indoor facility that is essentially identical to a PSM Location, as discussed in more detail below.

27.     Prior to opening their business, on October 15, 2022, November 3, 2022, November 28, 2022, and January 11, 2023, Mrs. Nelson visited the PSM Location operated by a franchisee in Beaverton, Oregon.

COMPLAINT - 12

28.     Thereafter, in early January 2023, Mrs. Nelson contacted PSM Franchisor, which offers and sells Play Street Museum franchises, about franchise opportunities in Washington state. On January 23, 2023, PSM's then-Chief Operating Officer, Mike Muccio, spoke to Mrs. Nelson by telephone about her interest in becoming a Play Street Museum franchisee. Thereafter, Mrs. Nelson visited the Beaverton, Oregon PSM Location March 13 and 24, 2023.

29.     On March 29, 2023, Mr. Nelson contacted Mr. Muccio to again express interest in becoming a Play Street Museum franchisee and requested that Mr. Muccio forward his wife and him a copy of the franchise disclosure document of PSM Franchisor. On April 5, 2023, Mr. Muccio sent Mr. Nelson PSM Franchisor's franchise disclosure document. Mr. and Mrs. Nelson never acknowledged receipt of PSM Franchisor's franchise disclosure document and had no further communication with Mr. Muccio, PSM Franchisor, or PSM.

30.     On April 18 and 27, 2023 and June 1, 2023, Mrs. Nelson again visited the Beaverton, Oregon PSM Location. Thereafter, on information and belief, Mr. and Mrs. Nelson began the process of developing their own copycat version of a Play Street Museum, having visited the Beaverton, Oregon PSM Location nine times over a period of nine months.

31.     On January 16, 2024, Mr. and Mrs. Nelson formed defendant Tiny Town, LLC. The nature of the business for Tiny Town, LLC that they included on their formation documents filed with the Washington Secretary of State was "Retail Stem play for children ages 0-12 with parent attendance for 1.5 hour sessions by appointment. Small cafe."

32.     Thereafter, on March 6, 2024, Mrs. Nelson visited the PSM Location operated by a franchisee in Happy Valley, Oregon. Defendants opened their copycat Chicky Play Museum location at 8109 NE Vancouver Mall Dr, Suite A, Vancouver, Washington on May 14, 2024 (the

COMPLAINT - 13

"**Chicky Play Museum Location**"). The Chicky Play Museum Location is approximately 24 miles from the Beaverton, Oregon PSM Location and approximately 22 miles from the Happy Valley, Oregon PSM Location. In addition, the Chicky Play Museum Location is approximately 8 miles from the PSM Location that a franchisee will soon open in Vancouver, Washington.

33.    Based on their direct contact with PSM and PSM Franchisor, their review of PSM Franchisor's franchise disclosure document, and their numerous visits to the PSM Locations in Oregon, Defendants were well aware of PSM, PSM Franchisor, and PSM's System when they were creating their copycat Chicky Play Museum business.

34.    Defendants Chicky Play Museum logo is confusingly similar to the PSM's PLAY STREET MUSEUM mark, incorporating the words "play" and "museum" in that order and using a very similar font:



35.    In addition, the defendants have copied the overall layout, design, and trade dress of PSM and PSM Locations. (Several examples are below, with such examples, as well as others, reproduced in **Exhibit B.**)

COMPLAINT - 14

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |

36.    Defendants have selected trade dress and operational elements from the PSM Trade

Dress, including:

- Background of white walls, ceiling, cabinetry (flat front tops and shaker cabinets below), shelving, countertops, trim and functional décor with what appears to be the exact color of vinyl wood flooring;

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |

- windows along the front wall;

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

| PSM Example | Chicky Play Museum Example |
|---|---|
|  | |

- prominent checkerboard rugs/carpeting in two shades of green in the middle of the space with similar play buildings sourced from the same manufacturer arranged around the green carpet;

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |
|  |  |

COMPLAINT - 16

- buildings designed to copy the non-functional design elements of a PSM Location's play buildings, such as a "grocery store" with a three-windowed second floor, with all white horizontal siding and brightly colored awnings above the windows;

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |

- identical exhibit and play components designed to mirror the elements of PSM's play buildings even though alternative elements are available, including an identical play fire engine vehicle, an identical wooden boat with fishing toys, identical play components within the play buildings (such as the cash register, scanner, and check-out aisle signage in the grocery store building and the refrigerator, stove, and dining furniture in the home, among others), air tubes, and train table;

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |

COMPLAINT - 17








COMPLAINT - 18

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1








COMPLAINT - 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24






COMPLAINT - 20

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

25
26

- numerous identical or near-identical toys, including a rainbow on top of a natural wood shelving unit, natural wood play vehicles, large dinosaurs, and bells, all displayed on a similar geometric carpeted area at the front of the facility.

| PSM Example | Chicky Play Museum Example |
|---|---|
|  |  |
|  |  |

37.    At almost every opportunity, Defendants have sourced the items (play buildings, play elements, toys, etc.) in their location from the exact same vendors as those used by PSM Locations despite there being a multitude of vendors providing quality, alternative children's toys and equipment. In most cases, Defendants have selected from the variety of offerings of those same vendors the exact same products that were carefully selected by PSM to create the PSM Trade Dress.

COMPLAINT - 21

38.     From the perspective of operations and business interactions with clients, Defendants have copied PSM's business in at least the following ways:

- use of reservation system to book sessions online in advance;
- 5 visit play pass;
- identical timing of play sessions;
- identical operational hours;
- prominent use of "imagination" and "discover" in headlines and purpose;
- identical business practice and promotion of "cleaning between sessions" and "flexible entry" in sessions;
- identical business practice of free admission for siblings over a certain age and pricing for additional adult guests;
- same "DIY" party option;
- same legal waiver system.

In addition, the Defendants seem to have copied not only PSM's and PSM Franchisor's business practices but also some of the content of their website.

39.     The elements described above together make up "the **Infringing Materials.**"

## PSM'S DEMAND TO CEASE INFRINGEMENT

40.     On June 25, 2024, PSM sent Defendants a letter (the "**Demand Letter**") demanding that Defendants either immediately cease operating its facility in Vancouver, Washington and/or immediately change its name and features and configuration of features in order to clearly distinguish its business from PSM's and PSM Franchisor's business, the PSM Marks, the PSM Trade Dress, and PSM Locations. A true and correct copy of the Demand Letter is attached to this Complaint as **Exhibit C.**

41.     As of the filing of this complaint, Defendants have failed to provide proof of compliance with or written confirmation of plans to comply with the Demand Letter. Instead, in a letter dated July 8, 2024, counsel for Defendants expressly rejected PSM's demands and PSM's

COMPLAINT - 22

claims with respect to the Infringing Materials and their infringement of PSM's intellectual property and misappropriation of the PSM System.

## THE EFFECT OF DEFENDANTS' ACTIVITIES ON PSM, PSM FRANCHISOR, AND THE CONSUMING PUBLIC

42.     Defendants' unauthorized use of the PSM System and the identical and confusingly similar Infringing Materials in the manner described above falsely indicates to the consuming public that Defendants' goods, services, and/or business activities are affiliated, connected, or associated with PSM and/or PSM Franchisor, or that Defendants', services and/or business activities are sponsored, endorsed, or approved by PSM and/or PSM Franchisor.

43.     Defendants' unauthorized use of the PSM System and the identical and confusingly similar Infringing Materials in the manner described above is likely to cause confusion, mistake, and/or deceive customers and potential customers as to affiliation, connection, or association of PSM with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM. Indeed, the Chicky Play Museum Location was brought to PSM's attention initially by several customers of the franchised Happy Valley, Oregon PSM Location, who commented on the stark similarities between the two locations.

44.     Moreover, Defendants actions have created _actual_ confusion: specifically, a Chicky Play Museum customer believed in making their reservation that they were doing so at a Play Street Museum. The customer arrived at that Play Street Museum for their timeslot at Chicky Play Museum with the printed confirmation of their reservation at Chicky Play Museum.

45.     Defendants' unauthorized use of the PSM System and the identical and confusingly similar Infringing Materials in the manner described above enables Defendants to trade on and receive the benefit of goodwill in the PSM System, which PSM has built up with great labor and

COMPLAINT - 23

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

expense over many years. Defendants' unauthorized use also enables them to gain acceptance for their own goods, services, and/or business activities, not on their own merits, but on the reputation, goodwill, and know-how of PSM and the PSM System.

46.     Defendants' unauthorized use of the PSM System and identical and confusingly similar Infringing Materials in the manner described above unjustly enriches Defendants at PSM's and PSM Franchisor's expense.

47.     Defendants' unauthorized use of the PSM System and the identical and confusingly similar Infringing Materials in the manner described above deprives PSM of the ability to control the nature and quality of goods and services provided under the PSM System, Marks, and Trade Dress and places the valuable reputation and goodwill of PSM in the hands of Defendants, over whom PSM demonstrably has no control.

48.     Upon information and belief, and based on Defendants' numerous documented visits to PSM Locations, Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of PSM's rights and with an intent to trade on PSM's goodwill in PSM's System.

49.     PSM and PSM Franchisor have been and continue to be damaged by Defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, PSM's business, goodwill, and reputation, and that of the PSM, PSM Franchisor, and the PSM franchise system will suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages.

50.     Defendants' actions have caused actual, quantifiable harm. Specifically, the revenues from PSM Franchisor's franchisee in Oregon have decreased in the two months since

COMPLAINT - 24

Defendants opened their Chicky Play Museum Location and will certainly impact the soon to open PSM Location in Vancouver.

**COUNT ONE (Trade Dress Infringement)**

51.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

52.     The PSM Trade Dress is nonfunctional, inherently distinctive, and has acquired secondary meaning among the general consuming public through consistent use in PSM Locations nationwide, and particularly within 25 miles of the Chicky Play Museum Location.

53.     Defendants are willfully, intentionally, and knowingly using a design and design elements that are identical to, substantially indistinguishable from, or confusingly similar to the PSM Trade Dress.

54.     Defendants' use of the PSM Trade Dress is likely to cause – and has actually caused – confusion and/or to deceive customers and potential customers of PSM and PSM Franchisor at least as to an affiliation, connection, or association of PSM and/or PSM Franchisor with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM and/or PSM Franchisor.

55.     Defendants' conduct constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

COMPLAINT - 25

57.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor, as well as significant costs, including attorneys' fees, in amounts to be proven at trial.

## **COUNT TWO (Federal Service Mark Infringement)**

58.     PSM and PSM Franchisor reallege the facts and allegation of the above paragraphs of this Complaint.

59.     Defendants are willfully, intentionally, and knowingly using and providing a service with a mark – CHICKY PLAY MUSEUM – that incorporates the terms PLAY and MUSEUM from the PSM Mark – PLAY STREET MUSEUM. Moreover, Defendants' mark is presented in a handwritten font that is almost identical to the handwritten font used by PSM and PSM Franchisor to display the PSM Mark.

60.     Defendants' use of a confusingly similar trade name and font, while offering similar services is likely to cause – and has actually caused – confusion and/or to deceive customers and potential customers of PSM at least as to an affiliation, connection, or association of PSM and/or PSM Franchisor with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM and/or PSM Franchisor.

61.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

62.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor, as well as significant costs, including attorneys' fees, in amounts to be proven at trial.

COMPLAINT - 26

**COUNT THREE (Federal Unfair Competition)**

63.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

64.     Defendants are willfully, intentionally, and knowingly using a design and design elements that are identical to, substantially indistinguishable from, or confusingly similar to the PSM Trade Dress.

65.     Defendants' use of the PSM Trade Dress and copying of the PSM System in operating their Chicky Play Museum business is likely to cause – and has actually caused – confusion and/or to deceive customers and potential customers of PSM at least as to an affiliation, connection, or association of PSM and/or PSM Franchisor with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM and/or PSM Franchisor.

66.     Defendants' unauthorized use of the PSM Trade Dress constitutes false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

68.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor, as well as significant costs, including attorneys' fees, in amounts to be proven at trial.

COMPLAINT - 27

**COUNT FOUR (Common Law Trade Dress Infringement)**

69.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

70.     PSM's Trade Dress is nonfunctional, inherently distinctive, and has acquired secondary meaning among the general consuming public in Oregon, Washington, and throughout the United States through consistent use in PSM Locations and in nationwide marketing of PSM Locations, including a robust social media marketing network.

71.     Defendants are willfully, intentionally, and knowingly using a design and design elements that are identical to, substantially indistinguishable from, or likely to cause confusion with the PSM Trade Dress.

72.     Defendants' conduct constitutes trade dress infringement in violation of Washington, Texas, and other states' common law.

73.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

74.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor in an amount to be proven at trial.

**COUNT FIVE (Common Law Deceptive Trade Practices)**

75.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

76.     Defendants' use of the PSM Trade Dress is likely to cause confusion, mistake, and/or deceive customers and potential customers of PSM at least as to an affiliation, connection,

COMPLAINT - 28

or association of PSM and/or PSM Franchisor with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM and/or PSM Franchisor.

77.     Defendants' conduct constitutes deceptive trade practices in violation of Texas, Washington, and other states' common law.

78.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

79.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor in an amount to be proven at trial.

### COUNT SIX (Texas Common Law Unfair Competition and Misappropriation)

80.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

81.     PSM and PSM Franchisor have created the PSM System through their extensive time, labor, skills, and money.

82.     Defendants, without the consent of PSM or PSM Franchisor, have used and mimicked the PSM System to create their business and are engaging in direct competition with PSM, PSM Franchisor, their affiliates, and their franchisees.

83.     Defendants, without the consent of PSM or PSM Franchisor, have used the PSM System in competition with PSM and PSM Franchisor and have therefore gained a special advantage in that competition because Defendants are burdened with none of the expense incurred by PSM and PSM Franchisor in creating and maintaining the PSM System.

COMPLAINT - 29

84.     PSM and PSM Franchisor have suffered commercial damage because of Defendants' actions and unauthorized use and replication of the PSM System.

85.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's reputation and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

86.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor in an amount to be proven at trial.

## COUNT SEVEN (Washington Consumer Protection Act)

87.     PSM and PSM Franchisor reallege the facts and allegations of the above paragraphs of this Complaint.

88.     Defendants' use of the PSM Trade Dress in its business and in commerce in Washington is likely to cause confusion and/or to deceive or mislead reasonable and ordinary customers and potential customers of PSM, PSM Franchisor, and their affiliates and franchisees in Washington, at least as to an affiliation, connection, or association of PSM or PSM Franchisor with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and activities by PSM or PSM Franchisor.

89.     Defendants' unauthorized use of the PSM Trade Dress constitutes an unfair method of competition and an unfair or deceptive act or practice in trade or commerce in violation of RCW 19.86.020.

90.     Defendants conduct which deceives and misleads the consuming public in Washington affects the public interest.

COMPLAINT - 30

91.     Defendants' conduct is causing irreparable injury to PSM's and PSM Franchisor's business, reputation, and goodwill, the PSM Trade Dress and the PSM franchise system, which injury will continue unabated unless enjoined by this Court.

92.     In addition, Defendants' conduct is causing monetary damage to PSM and PSM Franchisor, as well as significant costs, including attorneys' fees, in amounts to be proven at trial, plus an award of treble damages as contemplated by the statute.

## PRAYER FOR RELIEF

**WHEREFORE**, PSM Holdings, LLC and PSM Worldwide, LLC demand a jury trial on all issues triable to a jury and respectfully request that the Court enter judgment in their favor awarding the following relief:

1.     Permanently enjoining Defendants, and all those acting in concert or privity with any or all of them, including any of their agents, servants, employees, and attorneys, from:

a.     using the name "Chicky Play Museum" or any other name that incorporates the words "Play Museum";

b.     using a font in the name of their business that is similar to the font used by PSM in its PLAY STREET MUSEUM (Stylized) mark;

c.     using the PSM System, the Infringing Materials, or component elements thereof in the form currently used by Defendants or any form substantially similar thereto;

d.     using the PSM System, the Infringing Materials, or any component thereof in any manner that so resembles the PSM System as to be likely to cause confusion, deception, or mistake;

e.     engaging in any conduct that tends falsely to represent or is likely to confuse mislead, or deceive Defendants' customers or members of the consuming public to believe that Defendants are connected or affiliated with PSM or are sponsored, approved, or licensed by PSM;

f.     further infringing the PSM System, Marks, and Trade Dress and damaging PSM's goodwill;

COMPLAINT - 31

g.      committing any other act that infringes the PSM System or that otherwise unfairly competes with PSM or the PSM franchise system; and

h.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1(a) through 1(g) above.

2.      Ordering Defendants to remodel their Vancouver location (and any other location in which the Infringing Materials have been implemented or are being implemented) to remove the PSM System, the Infringing Materials, and all component elements;

3.      Ordering Defendants to file with the Court and serve on counsel for PSM, within thirty (30) calendar days after service of any injunction issued herein, a written report setting forth in detail, under oath, the manner and form in which it has complied with the injunction;

4.      Awarding PSM all damages sustained as a result of Defendants' activities, along with Defendants' profits from their infringement and unfair competition, and trebling said damages pursuant to 15 U.S.C. § 1117 and RCW 19.86.090, together with prejudgment and post-judgment interest;

5.      Awarding PSM its reasonable attorneys' fees and its costs of this action, under RCW 19.86.090, and because this is an exceptional case under 15 U.S.C. § 1117, and the court in exceptional cases may award reasonable attorney fees to the prevailing party; and

6.      Such other and further relief as the Court may deem appropriate.

## <u>JURY DEMAND</u>

Plaintiffs PSM Holdings, LLC and PSM Worldwide, LLC demand a jury trial on all claims and issues in this action triable to a jury.

//

//

COMPLAINT - 32

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599
4812-2801-3453.1

DATED this 18th day of July, 2024.

Respectfully submitted,

*/s/Daniel J. Oates*

Daniel J. Oates, WSBA No. 39334
Lane R Conrad, WSBA No. 59287
MILLER NASH LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
Tel:     206.624.8300
Fax:     206.340.9599
Email: Dan.Oates@millernash.com
Email: Lane.Conrad@millernash.com

*—and—*

Benjamin B. Reed (to be admitted *pro hac vice*)
James C. Rubinger (to be admitted *pro hac vice*)
Abbey A. Taylor (to be admitted *pro hac vice*)
PLAVE KOCH PLC
3120 Fairview Park Drive, Suite 420
Falls Church, VA  22042
Tel:     703.774.1200
Fax:     703.774.1201
Email: BReed@plavekoch.com
Email: JRubinger@plavekoch.com
Email: ATaylor@plavekoch.com

*Attorneys for PSM Holdings, LLC and
PSM Worldwide, LLC*

COMPLAINT - 33